The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation, AMAZON.COM SERVICES LLC, a Delaware limited liability company, and AMAZON TECHNOLOGIES, INC., a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Does 1-20, unknown parties doing business as "Plugged," and the following individuals: Aleks Lahi, Kartikey Sharma, Donnie Roberson, Haris Mehrzad, Blendi Caka, Bryan Ortiz, Jonathan Becerra,<br><br>Defendants. | No. 2:25-cv-01683-RSM<br><br>**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ALEKS LAHI**<br><br>NOTE ON MOTION CALENDAR: OCTOBER 28, 2026<br><br>*Without Oral Argument* |

## I. INTRODUCTION

Aleks Lahi ("Defendant") operated a widespread, international refund-fraud operation that abused Amazon's trademark rights as part of a scheme to steal millions of dollars of products from Amazon's online stores. He operated online under the alias "Plugged," openly advertising refund services he acknowledged were fraudulent.

After waiving service of Amazon's Complaint, Defendant failed to appear or respond in this case, and the Court entered a default order on December 18, 2025. Dkt. No. 15. Amazon



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

moves this Court to award default judgment of $1 million in statutory damages for each of two trademarks Defendant infringed—for a total damages award of $2 million.[1] *See* Fed. R. Civ. P. 55(b)(2); LCR 55(b). Amazon also seeks entry of a permanent injunction to stop Defendant from further infringing its trademarks.

## II. FACTUAL BACKGROUND[2]

Defendant exploited Amazon's brand to grow one of the largest organizations in an underground industry offering fraudulent refunds to users. *See generally* Complaint ("Compl.," Dkt. No. 1). Defendant operated a Telegram channel, "Plugged," (the "Channel") that had over 2,000 followers, where he brazenly advertised refund services he admitted were fraudulent. *Id.* ¶ 3. The Channel willfully and prominently displayed counterfeit versions of Amazon's trademarks to create interest in Defendant's refund services, which he then parlayed into payment to obtain fraudulent refunds from Amazon. *Id.* ¶ 48; *see also* Declaration of Tim Cunningham ("Cunningham Decl."); Exs. A–M. Defendant's scheme tricked Amazon into processing refunds for products that were never returned; instead of returning the products as promised, Plugged customers kept the product *and* the refund, and Defendant retained a fee for his services. Compl. ¶ 3.

On September 17, 2025, Defendant waived service of the Summons and Complaint. Dkt. No. 6. On September 24, 2025, counsel for Amazon met with Mr. Lahi to discuss potential resolution. Cunningham Decl. ¶ 4. Since then, Mr. Lahi told Amazon he will no longer cooperate based upon the mistaken belief Amazon cannot enforce a judgment in Albania. *See id.* The Court entered an order of default on December 18, 2025. Dkt. No. 15.

## III. ARGUMENT

### A. The Court Has Jurisdiction to Enter Default Judgment

---

[1] Defendant infringed at least four Amazon Trademarks and received hundreds of thousands of dollars of revenue, though his refusal to defend has prevented Amazon from discovering total revenues. *See* Compl. ¶ 44. Amazon only seeks statutory damages for two of the infringed marks.

[2] On a motion for default judgment, the Court accepts the factual allegations in the complaint as true, with the exception that the movant must prove damages-related facts. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

The Court has subject matter jurisdiction over Amazon's claim for trademark infringement and personal jurisdiction over Defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (court must examine jurisdiction).[3] The Court has subject matter jurisdiction over Amazon's Lanham Act claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

The Court has personal jurisdiction over Defendant because of his extensive contacts with the United States, including transacting business and committing tortious acts within and directed toward this District. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 461 (9th Cir. 2007) (citation omitted) (describing exercise of personal jurisdiction over foreign defendant).

The exercise of personal jurisdiction is consistent with due process because Defendant has "minimum contacts" with the United States. *See Holland*, 485 F.3d at 462; *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158-59 (9th Cir. 2006).[4] He advertised to United States residents, conducted business with them and stole from Amazon. Compl. ¶¶ 36–53.

Finally, Defendant waived service on September 17, 2025. Dkt. No. 6.

**B. Amazon Has Proven Its Claim for Trademark Infringement**

Defendant using "a mark confusingly similar to a valid, protectable trademark" constitutes infringement. *Brookfield Commc'ns, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). Amazon's marks are registered (the "Amazon Trademarks"), Cunningham Decl. ¶¶ 2-3 & Exs. A–N, establishing their validity and Amazon's exclusive use right. *Brookfield*, 174 F.3d at 1047. Plugged intentionally used *exact copies* of the Amazon Trademarks in his Channel to confuse Amazon customers, capitalize on Amazon's reputation and goodwill, and create interest in his refund services over Amazon's legitimate refund services. *See* Compl. ¶¶ 47-48. The Channel displayed several images of the Amazon Trademarks along with reviews of Plugged's services. *See id.* ¶ 46. Amazon customers were

[3] Amazon is only pursuing default judgment for its cause of action for Trademark Infringement, 15 U.S.C. § 1114.
[4] Apart from the relevant forum, the due process analysis under Rule 4(k)(2) is "identical" to the due process analysis under Washington's long-arm statute. *See Pebble Beach*, 453 F.3d at 1159; *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994) (Washington's long-arm statute imposes "no limitations beyond those imposed by due process") (citation omitted).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

drawn to Plugged's Channels under the initial impression that Plugged offered legitimate Amazon return services. *Id.* ¶ 48.

### C. Amazon Is Entitled to a Default Judgment

To determine a plaintiff's entitlement to default judgment, courts in the Ninth Circuit consider the seven *Eitel* factors. *Eitel v. McCool*, 782 F.2d 1471-72 (9th Cir. 1986). The factors here weigh heavily in favor of granting default judgment.

#### 1. First Factor: Amazon Is Prejudiced Without a Default Judgment

Amazon will be prejudiced without a default judgment because Amazon has no other legal remedy for Defendant's harm or way to prevent Defendant from causing further damage to Amazon. *See POW Nev., LLC v. Connery*, 2018 WL 3956129, at *2 (W.D. Wash. Aug. 17, 2018) (plaintiff would have no legal remedy without default judgment).

#### 2. Second and Third Factors: Amazon's Well-Pleaded Complaint Establishes Defendant's Liability

The second and third factors—"often analyzed together"—support a default judgment because Amazon pleaded facts sufficient to prevail. *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014); *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). Amazon's Complaint makes clear that Defendant used the Amazon Trademarks on his Channel and website to mislead individuals about the authenticity of his services.

#### 3. Fourth Factor: Defendant's Conduct Warrants the Requested Sum

The fourth factor favors a default judgment because the damages Amazon seeks are authorized by statute and reasonable in light of Defendant's flagrant exploitation of Amazon's refund process; Plugged advertised fraudulent refunds and provided false police reports to Amazon Customer Service to obtain those refunds. Compl. ¶ ¶ 36, 52. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant[s'] conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. Given the availability of statutory damages exceeding



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

$8 million, the profit Defendant realized through his scheme, and the evidence of Defendant's willful misconduct, the amount requested favors entry of default judgment.

"[A] plaintiff may recover statutory damages 'whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by the defendant.'" *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1337 (9th Cir. 1990) (citation omitted). In default judgment cases, statutory damages are particularly appropriate "because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008) (citation omitted).

In cases of willful infringement, courts consider the need: (1) to compensate the plaintiff for the damage the defendant's actions caused; (2) to deter defendants from violating the trademarks; and (3) to punish defendants for willfully violating the trademarks. *See Philip Morris USA Inc. v. Liu*, 489 F. Supp. 2d 1119, 1124 (C.D. Cal. 2007). "The flagrant nature of defendants' activities underscores the need for a damages award that will deter them from engaging in such conduct in the future." *Nautilus, Inc. v. Chunchai Yu*, 2011 WL 1323575, at *16 (C.D. Cal. Dec. 19, 2011). In the default judgment context, willful conduct allegations are deemed admitted if the defendant fails to defend. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008); *Global Equipment Co., Inc. v. Global Storage Equipment Manufacturer Ltd.*, 2025 WL 3158080 (W.D. Wash. Nov. 12, 2025) ("[T]he Court accepts a plaintiff's allegation of a defendant's willful infringement.").

Here, Defendant's willful conduct warrants the statutory damages Amazon seeks. Defendant's Channel prominently displayed Amazon's Trademarks and listed reviews from users confirming Plugged obtained Amazon refunds within two days. Compl. ¶¶ 47-48. The entire purpose of Defendant's Channel was to trick customers into believing it was affiliated with Amazon, take advantage of the goodwill associated with the marks, and sell fraudulent refund services to thousands of users. *Id.* Based on the scope of Defendant's abuse of the Amazon Trademarks, a $2 million judgment—one half of the maximum statutory damage award available—serves to compensate Amazon (at least in part) for the harm caused by Defendant.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

*Cf. Global Equipment Co., Inc.*, 2025 WL 3158080, at *5 (awarding $4 million as maximum statutory damages where defendant infringed two trademarks); *Amazon.com Inc. et al. v Does 1-20 et al.*, 2:23-cv-01879-JLR, at *2 (W.D. Wash. Feb. 25, 2025) (awarding $2 million as one quarter of maximum statutory damages where defendant infringed four trademarks); *Amazon.com Inc. v. Robojap Techs. LLC*, 2021 WL 5232130, at *3 (W.D. Wash. Nov. 10, 2021) (awarding $5 million as half of maximum statutory damages where defendants infringed five trademarks).

**4. Fifth Factor: The Facts Are Undisputed**

The fifth factor favors a default judgment because default has been entered, eliminating factual disputes. Dkt. No. 15. *Curtis*, 33 F. Supp. 3d at 1212.

**5. Sixth Factor: Defendant's Failure to Appear Is Inexcusable**

The sixth factor supports a default judgment because Defendant waived service of the Complaint and Summons and still failed to appear. Dkt. No. 6; *see Amazon.com v. Evans*, 2025 WL 698207, at *7 (W.D. Wash. 2025) (finding the sixth factor favored plaintiff where the defendants waived service); *Beck v. Pike*, 2017 WL 530354, at *2 (W.D. Wash. 2017) (sixth factor "nearly always favors entry of default judgment"). Amazon properly served Defendant and there is no evidence of excusable neglect.

**6. Seventh Factor: The Policy Favoring Decisions on the Merits Is Not Dispositive Where Defendant Failed to Participate in Litigation**

District courts have "regularly held that this policy [favoring merits resolution], standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action." *HICA Educ. Loan Corp. v. Warne*, 2012 WL 1156402, at *3 (N.D. Cal. Apr. 6, 2012). Defendant's failure to appear makes a decision on the merits "impractical, if not impossible" and so any preference for deciding cases on the merits "does not preclude a court from granting default judgment." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation & internal quotation marks omitted). Defendant has failed to appear in this case; his own actions prohibit a decision on the



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

merits. Accordingly, this factor is outweighed by all the other factors, which all favor default judgment.

**D. Amazon Is Entitled to Injunctive Relief**

The Lanham Act authorizes courts to grant injunctive relief "to prevent the violation of any right of the registrant of a mark." 15 U.S.C. § 1116(a). Amazon satisfies each factor necessary for injunctive relief. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006) (listing factors).

First, Amazon has suffered unquantifiable and irreparable harm; Defendant's actions undermined Amazon's substantial investment in its brand and highly trusted customer service and refund process. *See* Compl. ¶ 2. Second, without an injunction, Defendant is free to start another Telegram channel and website, infringe the Amazon Trademarks, and defraud Amazon. For example, in *Amazon v. REKK*, No. 2:23-cv-01879-JLR, a case against another refund service provider, the operator defendant shut down its refunding service after Amazon filed its lawsuit but reemerged shortly after under another name. Cunningham Decl. ¶ 5. "Defendants face no hardship in being enjoined from conducting illegal activities[.]" *Rolex Watch U.S.A., Inc. v. Watch Empire LLC*, 2015 WL 9690322, at *8 (C.D. Cal. Sept. 29, 2015). Meanwhile, without an injunction, Amazon will continue to suffer irreparable harm. Finally, the public has a strong interest in not being confused or deceived by fraudulent and infringing conduct. Compl. ¶ 2.

## II. CONCLUSION

For the foregoing reasons, Amazon respectfully requests the Court enter a default judgment against Defendant Aleks Lahi for $2,000,000 and enter the requested injunctive relief.

///

///



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax

DATED this 28th day of October, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

By *s/ Tim Cunningham*

Bonnie E. MacNaughton, WSBA #36110
Tim Cunningham, WSBA #50244
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
bonniemacnaughton@dwt.com
timcunningham@dwt.com

I certify that this memorandum contains 2,065 words, in compliance with the Local Civil Rules.

**CERTIFICATE OF SERVICE**

I certify that on October 28, 2026 a copy of this pleading was filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system, and will be sent via Federal Express International mail on October 28, 2026 to:

Aleks Lahi
RR Muhamed Deliu
Tirane, Albania 1001

*s/ Tim Cunningham*
Tim Cunningham



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
206.622.3150 main · 206.757.7700 fax